NO. PD-1068-15

CHRISTOPHER ALAN LAWRENCE    §    IN THE COURT

V.    §    CRIMINAL APPEALS Clerk

THE STATE OF TEXAS    §    AUSTIN, TEXAS

---

PETITIONER'S OMNIBUS MOTION FOR LEAVE TO
OBTAIN A FREE COPY OF RECORD ON APPEAL AND BRIEFS FILED,
WITH A "SECOND"
EXTENSION OF TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Christopher Lawrence pro se, in the above-styled and numbered cause, and respectfully moves this Honorable Court to proceed with this action seeking free copies of the record on appeal in the Third Court of Appeals under no.03-14-00192-CR. And further moves this court to grant an extension of time to file the PDR to a date of atleast 15 days after receiving the above mentioned documents, and in support would show the following:

## II.

Under the authority of the "OPEN COURTS" mandate of the Texas Constitution Art.1,§13, and the Fourteenth Amendment to the United States Constitution, this Honorable Court has the POWER TO GRANT the relief requested herein.

## II.

Petitioner has GOOD CAUSE to show that he has been denied his Sicth Amendment Right to the effective assistance of counsel on appeal, and that a failure to grant this motion would prejudice the petitioner by foreclosing reversable errors and the ability to challenge the sufficiency of evidence to support the conviction.

1.

Hence, petitioner shows that the Record on Appeal is necessary to prepare a Petition for Discretionary Review to address the Court of Appeals decision and the failure of court appointed counsel to raise the plain errors within the record on appeal. But is unable to effectively present the claimed errors to this Court without supporting references and documentation.

Draper V. Washington, 83 S.Ct. at 781

"In terms of trial records... the State must afford the indigent a 'record of sufficient completeness,' to permit proper consideration of [his] claims."

This motion follows the holdings in Bounds V. Smith, 97 S.Ct. 1491 (1997) as it relates to "post conviction" remedies. In Bounds the Court was referring to a Habeas Corpus action. The effect is the same in this case.

Bounds V. Smith, 97 S.Ct.1491 (1997)

"It is now established beyond doubt that prisoners have a constitutional right to acess to Courts."

More recent decisions have struck down restrictions and required remedial measures to insure that inmates' access to Courts is adequate, effective, and meaningful.

Id. Bounds

" Thus in order to prevent effective foreclosed acess, indigent prisoner's must be allowed to file....habeas corpus petitions."

However, this is impossible without proper records.

Id Bounds.

".... is impossible without trial transcripts."

2.

The Supreme Court held that destitute defendants must be afforded adequate review just a defendan||s who have money to buy transcripts. See Griffin V. Illinois,76 S.Ct.at 591. Therefore the State must furnish the indigent defendant with a free copy of the documents necessary for the purposes of direct appeal, however, the Griffin principle of equality was not limited to transcripts for purposes of direct appellate review. The Supreme Court later in Lane V. Brown, held that it is made clear that the Griffin principle also applies to state collateral proceedings. See Lane V. Brown, 83 S.Ct. 768 at 773. (1983).

### III.

Petitioner contends that if he is denied a free copy of the record on appeal, such a denial would be denying Petitioner his right to file a Petition for Discretionary Review. Said denial would be a violation of the Fourteenth Amendment to the U.S.Constitution. Moreover, to impose any financial conditions between an indigent prisoner of the State and his exercise of a State right to have remedy by Due Course of Law for an injury done to him, and deny that prisoner Equal Protection of Law as provided through the Texas Constitution.

In Garner V. California the Supreme Court held that....a laymen acting in his own defense or his own behalf needs the Court Records even more than an attorney acting on his behalf. See Garner V. California, 89 S.Ct.582 (1969). Therefore movant avers that the documents requested herein are essential and are required to present Petitioners case to this Honorable Court of Criminal Appeals.

3.

## IV.

Petitioner would show that in his initial request for an extension of time to file his PDR, he made reference to the fact that his appellate counsel has failed to supply him with redcords on appeal.

The first extension of time to file was granted on 8-18-15. The court assigned a due date of 10-27-15.

Based on the inability to obtain records from the attorney or the Court of Appeals free of charge. Petitioner is unable to meet the current due date for filing his PDR unless he makes assumptions from the memorandum opinion of the Court of Appeals.

WHEREFORE PREMISES CONSIDERED, Petitioner humbly and respectfully moves this Honorable Court to GRANT this Motion in its entirety and further order the Third District Court of Appeals to forward a free copy of the Records filed in that Court under Cause No. 03-14-00192-CR; Christopher Alan Lawrence V. The State of Texas. And further GRANT the extension of time to file his PDR to a date no less than 15 days after receiving a copy of the records from the Court of Appeals.

Respectfully Submitted,

This 9th day of October, 2015

by: _Christopher Alan Lawrence_
Christopher Alan Lawrence
#01923479
3001 S. Emily Dr.
Beeville, TX 78102

4.

## INMATE DECLARATION

I, Christopher Alan Lawrence, am the petitioner in the foregoing motion seeking documents and an extension of time to file my PDR. I am currently incarcerated in the McConnell Unit in Bee, County, Texas. I declare under penalty of perjury that according to my belief, the facts stated in the above motion are true and correct.

Signed on *October 8th*, 2015

_____
Christopher Alan Lawrence


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been forwarded by U.S.Mail First Class postage paid, to Comal County District Attorney, Jennifer Thorne, 100 Main Plaza, New Braunfels, TX 78130 and Lisa Mcminn, State Prosecuting Attorney, P.O.Box 12405, Capital Station, Austin, TX 78711. On this 8th day of October, 2015.

_____
Christopher Alan Lawrence

## AFFIDAVIT OF INDIGENCY

I, Christopher Alan Lawrence, declare that I am not financially able to pay court costs in the aforementioned proceedings, and would give this Honorable Court the following statement of my finances:

1. I have no employment income, gocernment-entitlement income, or other income.

2. I have no real or personal property.

3. I am not married.

4. I have zer ($0.00) dollars in checking, savings, retirement, or other bank accounts.

5. I have no other assets.

6. I am unable to obtain a loan for court costs.

7. No attorney is employed by me.

8. No attorney has offered his services to me

_Christopher Alan Lawrence_
Christopher Alan Lawrence
TDCJ # 01923479
3001 S. Emily Dr.
Beeville, TX 78102

TDCJ# 01923479

Christopher Alan Lawrence

3001 S. Emily Dr.

Beeville, TX 78102

DATE: 10-8-2015

RE: Omnibus Motion seeking Court Records and Extension of Time
    to file PDR.

Dear Clerk,

Please find my Motion seeking a free copy of the record on appeal and a "second" extension for time to file my PDR.

The Court appointed Attorney has continually refused to supply the needed documents, I have written numerous letters. His one response claims that he sent a CD of the records to a "neighbor" of my parents. I have no idea who he could be talking about? But I have no reason to believe that what he says is true since I have not had this confirmed by this "neighbor" or my family.

The attorney appointed by the Court is C. Wayne Huff, SBOT# 10180600, P.O.Box 2334, Boerne, TX 78006. I have filed a grievance with the State Bar of Texas, but that has no bearing on my filing deadlines currently set by the Court.

Your cooperation is much needed in this situation. Please inform me immediately on the status of this motion. I don't want to file my PDR in the blind, but I have no other way to preserve the fact that the evidence in this case is legally and factually insufficient to support the conviction and but for counsel's ineffective representation my grounds would have been presented to the Court of Appeals, resulting in my acquittal. Thank you for your time and attention.

Sincerely.

Christopher Alan Lawrence

NO. PD-1068-15

| | | |
|---|---|---|
| CHRISTOPHER ALAN LAWRENCE | § | IN THE COURT |
| V. | § | OF CRIMINAL APPEALS |
| THE STATE OF TEXAS | § | AUSTIN, TEXAS |

---

## MOTION TO SUSPEND RULE 9.3
## NUMBER OF COPIES

---

NOW COMES, Christopher Alan Lawrence, Applicant pro se, and files this motion to suspend rule 9.3, number of copies and in support of this motion would show the Honorable Court the following:

I.

Applicant is a prisoner in TDCJ-ID and does not have access to a copier and does not have outside help, therefore applicant has no way to create the number of copies required by Rule 9.3 and therefore is humbly requesting this Honorable Court to suspend Rule 9.3 number of copies.

On this 8th day of October, 2015

Respectfully Submitted,

Christopher Alan Lawrence
TDCJ#01923479
Applicant Pro Se